O
JS-6

cc: order, docket, remand letter to Los Angeles Superior Court, Northeast District, Pasadena, No.13P06542

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANCHO HORIZON, LLC, <br><br> Plaintiff, <br> v. <br> NAIRA DANIELYAN; DOES 1–10, inclusive, <br><br> Defendants. | Case No. 2:13-cv-09064-ODW(AGRx) <br><br> **ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

On December 9, 2013, Defendant Naira Danielyan removed this unlawful-detainer case to this Court. (ECF No. 1.) But since a federal defense cannot support subject-matter jurisdiction, the Court finds that it lacks jurisdiction over this case. The Court accordingly **REMANDS** this case to Los Angeles County Superior Court, case number 13P06542.

First, this action does not give rise to a federal question. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff may therefore avoid federal jurisdiction by relying exclusively on state law, and "federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Hunter*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled law

that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)).

Courts have repeatedly held that unlawful-detainer actions do not present a federal question. *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011). Moreover, Plaintiff Rancho Horizon, LLC does not allege any federal question in its Complaint, and any federal defense—including the Protecting Tenants at Foreclosure Act—Danielyan raises is irrelevant to jurisdiction. *Vaden*, 556 U.S. at 60; *Hunter*, 582 F.3d at 1042–43.

Second, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). And in unlawful-detainer actions, the title to the property is not the object of the litigation—only the right to possession. *See Evans v. Super. Ct.*, 67 Cal. App. 3d 162, 170 (Ct. App. 1977). The amount in controversy in an unlawful-detainer action is therefore determined by the amount of damages sought in the complaint, not by the value of the subject property. *Id.* Since Rancho Horizon seeks no more than $10,000, that amount can never satisfy diversity jurisdiction under 28 U.S.C. § 1332.

The Court therefore finds that it lacks either federal-question or diversity jurisdiction and **REMANDS** this case to Los Angeles County Superior Court, case number 13P06542. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

December 13, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**